IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

---------------------------------------------------------
JOSEPH J. MORRIS, on behalf of himself )
and all others similarly situated, )
 )
       Plaintiffs, )
 )
vs. )
 )
R.A. POPP ENTERPRISES, INC. d/b/a )
WHEATFIELDS EATERY AND BAKERY, )
RONALD POPP, RUTH ANN POPP, )
KAREN POPP, and ANDREW POPP, )
 )
       Defendants. )
---------------------------------------------------------

CASE NO. _____

**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

**DEMAND FOR JURY TRIAL**

      Plaintiff Joseph J. Morris ("plaintiff" or "Morris"), by his attorneys, Berke-Weiss & Pechman LLP and Dyer Law, PC, LLO, complaining of defendants R.A. Popp Enterprise, Inc. d/b/a Wheatfields Eatery and Bakery ("Wheatfields"), Ronald Popp, Ruth Ann Popp, Karen Popp, and Andrew Popp (collectively referred to herein as "defendants"), allege:

### NATURE OF THE ACTION

      1.    This action is brought to recover unpaid minimum wages, unpaid overtime, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), on behalf of waiters and busboys ("tipped employees") who worked at Wheatfields restaurants in Omaha, Nebraska, and for unlawfully terminating the

employment of Joseph Morris because he engaged in protected conduct within the meaning of the FLSA.

2. Defendants failed to compensate their wait staff at the federal minimum wage, unlawfully appropriated a portion of their tips, made unlawful deductions from their wages, failed to pay their wait staff statutorily prescribed overtime wages, and failed to reimburse their wait staff for the costs of purchasing and maintaining their required uniforms.

3. In response to plaintiff gathering evidence of time shaving by defendants, defendants terminated plaintiff.

4. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiffs, unpaid overtime wages, back pay, front pay, damages for mental anguish, liquidated damages, interest and attorneys' fees and costs pursuant to the FLSA and the public policy of the State of Nebraska.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337, and § 1367(a).

## VENUE

6. Venue is proper in the District of Nebraska under 28 U.S.C. § 1391, as the locations of Wheatfields, the restaurants where plaintiff worked, are in the District of Nebraska.

# THE PARTIES

**Plaintiff**

7. Joseph J. Morris resides in Omaha, Nebraska. He was hired as a waiter at the Old Market Express Wheatfields in March 2010 and worked there until his termination on or about July 21, 2011.

8. Plaintiff was defendants' employee within the meaning of the FLSA and worked for defendants' Omaha restaurant as an employee subject to the tip credit provisions of the FLSA.

**Defendants**

9. Defendant R.A. Popp Enterprises, Inc. is a Nebraska corporation that owns and operates three Wheatfields restaurants located at Old Market Express, 1202 Howard Street, Omaha, NE 68102; One Pacific Place, 1224 South 103rd Street, Omaha, NE 68114; and Shadowlake, 7775 Olson Drive, Papillion, NE 68046.

10. Defendant Ronald Popp is an owner and manager of Wheatfields, and at all times material herein established and had authority regarding the pay practices at Wheatfields.

11. Defendant Ruth Ann Popp is an owner and manager of Wheatfields, and at all times material herein established and had authority regarding the pay practices at Wheatfields.

12. Defendant Karen Popp is an owner and manager of Wheatfields, and at all times material herein established and had authority regarding the pay practices at Wheatfields.

13. Defendant Andrew Popp is an owner and manager of Wheatfields, and at all times material herein established and had authority regarding the pay practices at Wheatfields.

## COLLECTIVE ACTION ALLEGATIONS

14. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (*i.e.* waiters and busboys) who are current and former employees of Wheatfields since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

15. The FLSA Collective consists of approximately thirty (30) hourly employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime, and other wages.

16. The FLSA Collective includes employees who, during their employment at Wheatfields, fell into the category of "tipped employees" who customarily and regularly earn more than $30.00 per month in tips. 29 U.S.C. § 203(t).

17. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia,* the following:

    a. depriving its wait staff of tips that they earned;

    b. improperly taking a "tip credit" for its wait staff;

    c. failing to keep accurate records of hours worked by employees as required by the FLSA;

    d. failing to pay employees for all time worked in excess of 40 hours per week and failing to pay employees at the proper overtime rate;

    e. forcing employees to purchase their own required uniform and pay for required uniform upkeep; and

    f. making unlawful deductions from employees' wages to cover breakage and other overhead expenses.

18. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

19. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

### THE FAILURE OF WHEATFIELDS TO PAY MINIMUM WAGES, OVERTIME AND FOR ACTUAL HOURS WORKED

20. The FLSA requires that employers pay all employees one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

21. Wheatfields does not record actual hours worked by its wait staff and has a policy and practice of shaving hours off of its employees' time records.

22. Wheatfields deducts a half-hour of pay for each shift for a meal break, even if the employee does not take a break. And when they do take a break, employees are not allowed to leave the premises.

23. On those occasions when Wheatfields does pay an overtime wage, it does not pay its wait staff at the correct overtime rate as it takes a tip credit beyond what is permitted by the FLSA.

**UNLAWFUL DEDUCTIONS**

24. Wheatfields requires its wait staff to wear specific shirts and aprons, the cost of which is automatically deducted from the waitstaffs' first pay check. Within fifteen days from their start date, wait staff are required to have the uniform shirt embroidered with their name.

25. Wheatfields does not reimburse its employees for the purchase costs of these uniforms.

26. Wheatfields does not reimburse its wait staff for the costs of maintaining these uniforms.

27. Wheatfields also requires wait staff to purchase a server book and employee drink cup, the cost of which is automatically deducted from their pay check. Wheatfields does not reimburse its employees for the purchase costs of these items.

28. Wheatfields takes deductions from waitstaffs' wages to cover overhead expenses for breakage of dishes and glassware, customer walkouts, and order mistakes.

**THE UNLAWFUL DIVERSION OF TIPS**

29.     The FLSA allows employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages.

30.     The FLSA provides that in order to be eligible for this "tip credit," or "tip allowance," employers of tipped employees must allow employees to keep all the tips that they receive.

31.     At Wheatfields, on Saturdays and Sundays, an expeditor who works in the kitchen shares in the tip pool even though he provides no table service to customers.

32.     By these and other acts, defendants have taken gratuities belonging to the wait staff and unlawfully diverted them to other employees who are not entitled to share in the tip pool at the restaurants.

33.     Because defendants unlawfully distributed portions of the tips of its wait staff to non-tipped employees at Wheatfields and made unlawful deductions from the wages of its wait staff, Wheatfields is not entitled to reduce the minimum wages of plaintiff and the FLSA Collective by applying the tip credit allowance that is available under the FLSA.

34.     Defendants' improper application of the tip credit deprives plaintiff and the FLSA Collective their statutory minimum wage under the FLSA.

**UNLAWFUL RETALIATION**

35.     On various occasions throughout Morris' employment, he complained about pay practices of defendants that were unlawful under the FLSA and took

photographs of defendants' time shaving for purposes of collecting evidence for an FLSA lawsuit.

36. On July 20, 2011 Morris was terminated by Wheatfields.

37. Morris was informed of his termination by Heidi Schenkelberg.

38. Schenkelberg told Morris that he was being terminated because Morris had taken photos with his phone of Wheatfield managers going into the payroll system at Wheatfields to shave time off the employees' pay records.

39. Following his termination, Morris requested that Schenkelberg complete an Earned Income Verification Request for the Nebraska Department of Health and Human Services. Schenkelberg completed the "Terminated Employment" section of the form, by stating as follows:

> Employment ended due To "Discharge"
>
> Explain: "Insubordination, Threatened to file lawsuit against Company."

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

42. Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

43. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*, defendants unlawfully redistributed portions of the tips received by plaintiffs and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

44. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

45. Defendants failed to pay plaintiff and the FLSA Collective for the actual hours they worked.

46. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

47. As a result of defendants' willful violations of the FLSA, the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Defendants were required to pay plaintiff and the FLSA Collective no less than one and one-half times (1 ½) the regular rate at which plaintiff was employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

50. Defendants miscalculated and failed to pay members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

51. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay members of the FLSA Collective overtime wages.

52. Due to defendants' violations of the FLSA, members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs of the action.

### THIRD CLAIM
### (Fair Labor Standards Act – Unlawful Deductions)

53. Plaintiffs repeat and reallege paragraphs 1 through 52 as if fully set forth herein.

54. The FLSA prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

55. Defendants unlawfully retained a portion of tips from their wait staff to cover breakage costs.

56.     Defendants' knowing and intentional demand and retention of a portion of the waitstaffs' tips were willful violations of the FLSA and supporting Department of Labor Regulations.

57.     As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover from defendants their unpaid wages, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs.

## FOURTH CLAIM
### (Fair Labor Standards Act – Uniform Expenses)

58.     Plaintiff repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

59.     Defendants required plaintiff and the members of the FLSA Collective to wear uniforms that were not composed of ordinary street clothing and did not permit variations in details of dress.  Defendants prescribed a specific type and style of clothing to be worn at work.

60.     Defendants required plaintiff and the members of the FLSA Collective to purchase these uniforms from defendants and did not reimburse plaintiff or the members of the FLSA Collective for these costs, in violation of the FLSA.

61.     Defendants also unlawfully required plaintiff and members of the FLSA Collective to launder and maintain their uniforms and failed to provide plaintiff with pay in addition to the minimum wage for these costs, in violation of the FLSA.

62. Plaintiff and the members of the FLSA Collective incurred costs purchasing and laundering the uniforms for the benefit and convenience of defendants.

63. It was defendants' policy, and pattern or practice at all of its restaurants not to pay for the purchase or laundering of plaintiff's and the members of the FLSA Collective's uniforms, not to reimburse them for these costs, and not to compensate them at all for these costs.

64. Defendants' failure to reimburse plaintiff and the FLSA Collective for the cost of purchasing and laundering these uniforms reduced plaintiff's and the members of the FLSA Collective's wages to a level below the required minimum wage and overtime pay.

65. Due to defendants' willful violations of the FLSA and applicable Federal Regulations, plaintiff and the FLSA Collective are entitled to recover an amount prescribed by statute, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of the action.

**FIFTH CLAIM**
**(Fair Labor Standards Act – Retaliation)**

66. Plaintiff repeats and realleges paragraphs 1 through 65 as if fully set forth herein.

67. Plaintiff is an "employee" within the meaning of 29 U.S.C. §§ 203(a) and 215(a)(3).

68. Defendants Ronald Popp, Ruth Ann Popp, Karen Popp, and Andrew Popp are "persons" within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3), subject to individual liability for retaliatory conduct.

69. Plaintiff engaged in "protected conduct" by complaining about the FLSA violations alleged herein to Wheatfields management and by attempting to secure documentary evidence of defendants' illegal conduct.

70. Defendants have terminated plaintiff and otherwise discriminated against him as a result of his protected conduct.

71. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

72. As a result of defendants' willful violations of the FLSA, plaintiff is entitled to recover from defendants for front-pay, back-pay, mental anguish, punitive damages, reasonable attorneys' fees, liquidated damages, and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (Wrongful Discharge/Public Policy)

73. Plaintiff repeats and realleges paragraphs 1 through 72 as if fully set forth herein.

74. It is the public policy of the State of Nebraska, pursuant to the substantive rights created by Neb. Rev. Stat. §48-1201 *et. seq.,* to safeguard existing minimum wage

compensation standards which are adequate to maintain the health, efficiency and general well-being of workers against the unfair competition of wage and hours standards which do not provide adequate standards of living. Furthermore, employers may not discriminate or retaliate against employees for lodging wage complaints relating to minimum wage.

74. By terminating plaintiff, defendants retaliated against Morris for reporting his wage complaints and/or attempting to secure evidence regarding the wage complaints. Such retaliation violates the public policy of the State of Nebraska.

75. As a result of the defendants' retaliatory conduct, plaintiff has incurred lost income and the value of job related benefits and continues to incur said damages. Plaintiff has also incurred significant emotional harm and other compensatory damages as a result of the defendants' unlawful actions.

76. At all times alleged herein, the defendants were aware of their duties and obligations under the law. The defendants' willful conduct is violative of public policy and/or the defendants' conduct was in reckless indifference to the rights of the plaintiff. Treble damages and/or liquidated damages are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a. to authorize the issuance of notice at the earliest possible time to all tipped employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this

action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

  b. to declare that defendants have violated the tip pool provisions of the FLSA;

  c. to declare that defendants have violated the overtime provisions of the FLSA;

  d. to declare that defendants have violated the anti-retaliation provisions of the FLSA and Nebraska common law;

  e. to declare that defendants' violations of the FLSA and Nebraska common law were willful;

  f. to enjoin defendants from harassing, intimidating, threatening and terminating Wheatfields employees because they have exercised their rights under the FLSA;

  g. to award Morris reinstatement to his position at Wheatfields;

  h. to award Morris general damages, punitive damages and damages for mental anguish;

  i. to award Morris front-pay and back-pay for lost wages;

  j. to disgorge from defendants and order that the defendants remit back the amount of the tip credit deducted from the wages of plaintiff and the FLSA Collective;

k. to award plaintiff and the FLSA Collective damages for the difference between the full hourly wage as mandated by the FLSA, and the hourly wages actually paid to the plaintiff and the FLSA Collective for the hours they worked;

l. to award plaintiff and the FLSA Collective damages for unpaid wages and tips which were unlawfully diverted to non-wait staff;

m. to award plaintiff and the FLSA Collective damages for unpaid overtime wages;

n. to award plaintiff and the FLSA Collective damages for all unauthorized deductions under the FLSA;

o. to award plaintiff and the FLSA Collective damages for un-reimbursed uniform expenses;

p. to award plaintiff and the FLSA Collective liquidated damages under the FLSA;

q. to award plaintiff and the FLSA Collective pre-judgment and post-judgment interest; and

r. to award plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated this 2nd day of August, 2011.

JOSEPH J. MORRIS, Plaintiff

BY: s/ Kelly K. Brandon
Kelly K. Brandon, #20734
Dyer Law, PC, LLO
10730 Pacific Street, Suite 111
Omaha, NE 68114
Phone (402) 393-7529
Fax (402) 391-2289
kelly@dyerlaw.com

BY: s/ Louis Pechman
Louis Pechman, #6395
(*pro hac vice pending*)
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, NY 10022
Phone (212) 583-9500
Fax (402) 391-2289
pechman@bwp-law.com

*Attorneys for Plaintiff and the FLSA Collective*