# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH J. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV263 |
| | ) | |
| vs. | ) | |
| | ) | |
| R.A. POPP ENTERPRISES, INC., | ) | FINDINGS AND |
| d/b/a Wheatfields Eatery and Bakery, | ) | RECOMMENDATION |
| RONALD POPP, RUTH ANN POPP, | ) | |
| KAREN POPP, and ANDREW POPP, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Certify Collective Action (Filing No. 22). The plaintiff filed a brief (Filing No. 23) and an index of evidence (Filing No. 24) in support of the motion. The defendants filed a brief (Filing No. 25) in opposition to the motion. The plaintiff filed a brief (Filing No. 26) in reply.

## INTRODUCTION

The plaintiff in this case is the defendants' former employee. On August 2, 2011, the plaintiff filed the instant lawsuit alleging the following facts. **See** Filing No. 1 - Complaint. The defendants own and operate three Wheatfields restaurants located at Old Market Express, One Pacific Place, and Shadowlake. *Id.* ¶ 9. The plaintiff worked for the defendants as a waiter at the Old Market Express location from March 6, 2010, until his termination on July 21, 2011. *Id.* ¶ 7. The waiters and "busboys" at Wheatfields can be categorized as tipped employees because these employees regularly earn more than $30 each month in tips. *Id.* ¶¶ 14, 16 (**citing** 29 U.S.C. § 203(t)). Based on this categorization, the defendants compensate the waiters and busboys at a lower hourly wage than if they did not receive tips. See Filing No. 1 - Complaint ¶¶ 8, 17, 29-30. The defendants have a policy of decreasing or "shaving" the number of hours worked by the waitstaff to account for an anticipated unpaid break period even when the staff member does not take a break. *Id.* ¶¶ 21-22. Additionally, the defendants require tipped employees to contribute a portion of their tips to a tip pool for dispersal to kitchen employees who do not provide table

service. *Id.* ¶¶ 29-31. The defendants require the waitstaff to purchase specific embroidered shirts, aprons, server books, and drink cups, the cost of which is deducted from each staff member's wages. *Id.* ¶¶ 24-27. The defendants require the waitstaff to cover the overhead expense of customer walkouts, order mistakes, and breakage of dishes and glassware, by deducting the amounts from each member's wages. *Id.* ¶¶ 28. The plaintiff complained to the defendants about the compensation practices by making comments about the practices being unlawful. *Id.* ¶ 35. The plaintiff took pictures of a manager altering an employee's work hours in the payroll system database. *Id.* ¶¶ 35, 38. The defendants terminated the plaintiff for taking the pictures and explained the reason for his termination was "Insubordination, Threatened to file lawsuit against Company." *Id.* ¶¶ 38-39.

Based on the plaintiff's allegations, he asserts claims for violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 to 219 (2006), including failure to pay minimum wage, failure to pay overtime wages, and unlawful deduction of wages and tips for overhead and uniform expenses (Claims I through IV). The plaintiff seeks to represent the defendants' waiters and busboys who, he claims, are similarly situated based on the defendants' compensation system, in a collective action. **See** Filing No. 1 - Complaint ¶ 14. The defendants employ at least thirty waiters and busboys. *Id.* ¶ 15. Additionally, the plaintiff asserts individual claims for retaliation under the FLSA (Claim V) and for wrongful discharge in violation of public policy (Claim VI). *Id.* ¶¶ 66-76. The defendants deny any violations of the FLSA. **See** Filing No. 16 - Answer. Similarly, the defendants "expressly and affirmatively deny the facts and allegations asserted by" the plaintiff in connection with the instant motion. **See** Filing No. 25 - Response p. 1.

On September 29, 2011, the court authorized the parties to begin discovery. **See** Filing No. 18 - Initial Progression Order. This matter is scheduled for a telephone planning conference with the court on January 26, 2012, at which time the court will schedule the case for trial. *Id.* On November 28, 2011, the plaintiff filed the instant motion seeking conditional certification of several of his claims as a collective action and to facilitate notice to all potential interested members. **See** Filing No. 22 - Motion. Thereafter, briefing on the motion was completed.

In the motion, the plaintiff seeks an order taking the following actions:

> (1) conditionally certifying a class of all formerly and/or presently employed by Defendant R.A. Popp Enterprises, Inc. d/b/a Wheatfields Eatery and Bakery ("Wheatfields") as waitstaff from August 2, 2008 to the present time;
> (2) approving plaintiff's proposed Notice of Lawsuit for mailing to potential opt-in plaintiffs[;]
> (3) . . . directing defendants to provide information regarding the potential opt-in plaintiffs; [and]
> (4) approving the mailing, posting, and electronic publishing of notice to all putative class members.

**See** Filing No. 22.

The plaintiff asserts the collective action on his first four claims should apply to waitstaff from all three Wheatfields locations and the number of potential class members is "well over one hundred individuals as waitstaff." **See** Filing No. 23 - Brief p. 1, 8. The plaintiff defines the term waitstaff as "waiters and servers." *Id.* at 1. The plaintiff argues the potential class members are similarly situated due to the defendants' compensation policies including requiring unlawful tip sharing, shaving recorded work hours, and appropriating gratuities and other wages for overhead and uniform expenses. *Id.* at 8-9. The plaintiff alleges some of the policies were explicitly stated in the employee handbooks distributed to employees at all three Wheatfields locations. **See** Filing No. 26 - Reply p. 2; **see also** Filing No. 24-2 Ex. 2 Struck Aff. ¶ 11 ("It was common knowledge that all three locations operated by Wheatfields had in place the same policies and practices regarding tips, deductions, and reductions in our wages."); *id.* ¶ 7 & Ex. 2(A) - Employee Handbook. Brad Struck, an assistant manager at the Old Market Express location from October 2009 until May 2011, filed an affidavit in support of the plaintiff's motion attesting to the defendants' conduct as described by the plaintiff. **See** Filing No. 24-2 Ex. 2 Struck Aff. The plaintiff asserts other potential collective action members have expressed to him their interest in joining the suit but are fearful of retaliation. **See** Filing No. 23 - Brief p. 9-10; Filing No. 24-1 Morris Aff. ¶ 14. The plaintiff does not seek to form a collective action or represent other employees with regard to his claims for retaliation and wrongful discharge. **See** Filing No. 26 - Reply p. 1. The plaintiff seeks to have the court approve his proposed class notice and the plaintiff's request to obtain potential collective action members'

addresses from the defendants and to require the defendants to post the notice at all three Wheatfields locations. **See** Filing No. 23 - Brief p. 10-11.

The defendants argue the plaintiff fails to meet the burden necessary to grant conditional certification of a collective action. **See** Filing No. 25 - Response p. 5-6. Specifically, the defendants contend the plaintiff fails to provide more than "sweeping generalizations" that "every member of the waitstaff" was improperly paid under the same compensation system. *Id.* Moreover, the defendants assert that since the plaintiff, by admission, only worked in one location, he cannot credibly allege staff at other locations were paid under the same compensation system. *Id.* at 6. The defendants also note there are no allegations to support a collective action stemming from the plaintiff's retaliation and wrongful discharge claims. *Id.* at 5. To the extent the court enters an order conditionally certifying a collective action, the defendants argue the proposed notice should be limited to a two-year time period because the plaintiff fails to make a showing of a willful violation justifying a three year time frame. *Id.* at 6. Similarly, the defendants contend they would need more than the requested ten days to provide the requested contact information to the plaintiff. *Id.* Finally, the defendants oppose posting the notice in the Wheatfield restaurants, asserting such posting would be disruptive to business. *Id.*

## ANALYSIS

The plaintiff seeks to conditionally certify his FLSA claims, pursuant to 29 U.S.C. § 216(b) to facilitate notification to all potential interested members of the pendency of the action and their ability to join as parties. Pursuant to the FLSA, a collective action may be maintained "by any . . . employee[ ] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay minimum or overtime wages. 29 U.S.C. § 216(b); **see also** 29 U.S.C. § 207. An FLSA "collective action" is different from a Rule 23 class action. "In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly 'opts out' of the class. By contrast, [in an FLSA collective action] a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1163 (D. Minn. 2007) (emphasis in original). The district court, in its discretion, may

4

authorize the named plaintiff to transmit notice of the lawsuit to other potential claimants upon a showing the named plaintiff is similarly situated to the others whom he seeks to represent. *Id.* "[C]ourts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are 'similarly situated' to other potential plaintiffs." *Id.* at 1164.

Succinctly put,

> At the first stage, a class is conditionally certified on a relatively minimal showing, and then prospective plaintiffs can opt in to the action by filing consent forms. At the second stage, which almost always follows substantial discovery, plaintiffs must make a stronger showing to continue to proceed on a collective basis. If plaintiffs cannot make this stronger showing at the second stage, the conditionally certified class is decertified. Typically the second stage is triggered when the defendant moves to decertify the conditionally certified class.

*Parler v. KFC Corp.*, 529 F. Supp. 2d 1009, 1011 (D. Minn. 2008) (internal citation omitted).

Furthermore, the first stage or "notice stage" may be based only on the pleadings and any affidavits in the record. *Parker*, 492 F. Supp. 2d at 1164. At this stage, "[t]he court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties." *Burch v. Qwest Commc'ns Int'l, Inc.*, 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007) (citation omitted). The plaintiff has the burden of presenting evidence "establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan." *Id.* "A colorable basis means that plaintiff must come forward with something more than the mere averments in its complaint in support of its claim." *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278-79 (D. Minn. 1992) (affirming language from Mag. J. order adopted in District Court opinion). Ultimately, there must be meaningful identifiable facts or legal nexus binding the claims "so that hearing the cases together furthers the purposes of section § 216, is fair to both parties, and does not result in an unmanageable trial." *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 535 (S.D. Tex. 2008); see *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507-08 (M.D. La. 2005). "Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether

potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted). A showing that most of the identified employees are paid under a "single decision, policy or plan" provides ample evidence the employees are similarly situated. *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 896 (N.D. Iowa 2008); **see also** *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678 (D. Kan. 2009) (indicating defendant's admissions with regard to gang time system and failure to record actual time spent on activities provided support for plaintiffs' assertions employees were not compensated for time spent performing work activities). An additional factor suggesting similarity includes whether a significant number of the plaintiffs are from the same geographical location or facility. **See** *Bouaphakeo*, 564 F. Supp. 2d at 894. After conditional certification, discovery may continue as a collective action. *Parker*, 492 F. Supp. 2d at 1164.

In contrast, a second stage or final determination is usually made "after discovery is largely complete and the matter is ready for trial" when the court is able to make "a factual determination on the similarly situated question." *Id.* (citation omitted). "During this second stage analysis, a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (internal quotations and citation omitted); **see also** *Bouaphakeo*, 564 F. Supp. 2d at 897-900.

In the instant case, there exists no dispute the conditional certification process is at the "notice stage" and based on a more lenient standard. Discovery is ongoing. The court has scheduled a planning conference for January 26, 2012, to review the preparation of the case and to schedule the case to trial. **See** Filing No. 18 - Order ¶ 9.

The plaintiff proposes a collective action consisting of:

> [A]ll formerly and/or presently employed by Defendant R.A. Popp Enterprises, Inc. d/b/a Wheatfields Eatery and Bakery ("Wheatfields") as waitstaff from August 2, 2008 to the present time.

**See** Filing No. 22 - Motion p. 1.  The plaintiff seeks to facilitate class notice by having this court:

> (a)   order defendants to produce to plaintiff a list, in electronic format, of all persons employed by defendants as waitstaff from August 2, 2008 to the present, including the employee's name, address, telephone number, position, and dates of employment, within ten days of the Court's Order;
> (b)   authorize the mailing of the proposed notice to all potential opt-in plaintiffs employed by defendants from August 2, 2008 to the present; and
> (c)   order defendants to post copies of the notice and consents to sue in a conspicuous place in defendants' restaurants.

**See** Filing No. 23 - Brief p. 12.

The plaintiff contends the defendants utilizes a compensation scheme that regularly requires employees to work without compensation.  According to the plaintiff, waitstaff employees are not compensated for work they perform during their break period due to the defendants' shaving time off of employee time records.  Additionally, the evidence shows that the defendants' policy requires waitstaff employees to share their gratuities with employees who are not customarily tipped and to pay administrative costs out of their earnings.  The plaintiff filed declarations stating waitstaff employees in all three Wheatfields locations are similarly paid under the alleged improper compensation system. The plaintiff alleges other waitstaff employees have expressed an interest to him in joining this lawsuit.  The plaintiff argues he is similarly situated to the potential class members for the purposes of the motion because he and potential class members (1) performed similar duties or had similar titles; (2) had the same or similar hourly pay structure; (3) work or have worked in locations owned and operated by the same defendants; and (4) claim to have performed work activities without compensation.  **See** Filing No. 23 - Brief p. 2.

The defendants argue the plaintiff's proposed putative class is overly broad to include busboys and waitstaff at locations other than the one location where the named plaintiff was employed.  **See** Filing No. 25 - Response p. 5.  The defendants also argue the plaintiff's brief and declarations contain only sweeping generalizations, which fail to provide substantial allegations that the proposed collective action members were subject to the

same single compensation decision, policy or plan. *Id.* Consequently, the defendants contend the declarations fail to show the plaintiff is similarly situated to many of the proposed collective action members. *Id.* at 5-6.

Without making any credibility determinations, the court finds the plaintiff has met his burden of presenting evidence establishing a colorable basis that the putative collective action members are the victims of a single decision, policy, or plan. Based on the pleadings and the evidence before the court, there appears to be a common policy or practice existing at all three locations with regard to the compensation of waitstaff. The policies or practices in issue may require the waitstaff employees to perform uncompensated work when they do not take a break. There exist meaningful identifiable facts and a legal nexus binding the claims of the proposed collective action members. The proposed members are subject to a common payment system, work at one of three locations owned by the same company, and are required to share gratuities and pay administrative costs out of their earnings in the same ways. The differences between putative collection action members concerning the location of employment does not diminish the predominant relevant similarities. Under the circumstances presented, the plaintiff is an adequate representatives of the defendants' past and current waitstaff employees who engage in allegedly compensable but uncompensated work activity and who are required to share gratuities and pay administrative costs out of their earnings. The plaintiff is similarly situated to members of the putative class. Furthermore, the plaintiff has identified other individuals who may have claims against the defendants. At this time, it appears that hearing the collective action members' cases together furthers the purposes of § 216 of the FLSA, is fair to the parties, and will not result in an unmanageable trial.

The plaintiff has failed to meet his burden with regard to his similarity to busboys. The plaintiff fails to describe how busboys are compensated and whether his use of the

term "waitstaff" includes busboys.[1] The evidence does not support a finding that busboys are similarly situated to the plaintiff in regard to the relevant common policy or practice. Similarly, as the plaintiff acknowledges, he has not shown or suggested a collective action exists with regard to his claims for retaliation and wrongful discharge. Thus, conditional class certification is warranted only with regard to those waitstaff employees who worked as waiters subject to the compensation policies described by the plaintiff at any of the defendants' three Wheatfield locations.

For these reasons, the court recommends granting the plaintiff leave to proceed with class notice, with the exceptions noted above. The plaintiff proposed a notice form to be distributed to the potential class members. **See** Filing No. 24-3 - Ex. 3(B) Proposed Notice. The defendants made one substantive objection to the proposed notice form, which objection the court overrules at this time.[2] **See** Filing No. 25 - Response p. 6-7. However, the proposed notice form does not take into consideration the specific ruling of this court to exclude busboys, which term the undersigned magistrate judge recommends be stricken. The defendants also objected to one of the proposed method of notice and seeks to prevent posting the notice in the restaurant facilities. *Id.* The defendants state they will have difficulty collecting the requested information about potential collective action members within ten days. *Id.* The court finds the defendants will have ample opportunity to collect the necessary information between now and Judge Joseph F. Bataillon's Order on the plaintiff's current motion. Accordingly, the undersigned magistrate judge concludes a longer period of time after entry of the Order is unneeded. By contrast, the plaintiff has failed to provide sufficient evidence to show posting notice is necessary or reasonable. In

---

[1] The court notes the proposed notice of lawsuit specifically groups waiters and busboys as "waitstaff," however the plaintiff fails to provide sufficient evidence to the court of their similarities, particularly because the plaintiff's brief defines "waitstaff" as "waiters and servers". **Compare** Filing No. 24-3 - Ex. 3(B) Proposed Notice **with** Filing No. 23 - Brief p. 1. The complaint notes busboys are "tipped employees," but does not use the term "busboys" to define the term "waitstaff." **See** Filing No. 1 - Complaint p. 1-2.

[2] The defendants argue the proposed notice form exceeds the applicable statute of limitations period. **See** Filing No. 25 - Response p. 6-7. The applicable statute of limitations differs if the plaintiff can prove the defendants committed willful violations of the FLSA. The applicable statute of limitations for the current and opt-in plaintiffs will not be decided at this time. In any event, the court notes the plaintiff provides some indication he complained about the defendants' practices to the extent the practices were unlawful but the defendants continued the practices. **See** Filing No. 1 - Complaint p. 7-9.

fact, the plaintiff provides no justification for posting the notice. At this time, the court recommends the plaintiff's request for posting notice be denied absent a showing of necessity or the ineffectiveness of mailing the notice forms.

### IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:

1. The plaintiff's Motion to Certify Collective Action ([Filing No. 22](#)) be granted to include:

> All formerly and/or presently employed by Defendant R.A. Popp Enterprises, Inc. d/b/a Wheatfields Eatery and Bakery as waiters from August 2, 2008, to the present time;

2. The defendants be required to produce to plaintiff a list, in electronic format, of all persons employed by defendants as waiters from August 2, 2008, to the present, such list to include each employee's name, address, telephone number, position, and dates of employment, within ten days of the Court's Order; and

3. The plaintiff's proposed notice, after striking the language "or busboy, " "or a busboy," and "and busboys," be authorized for mailing to all potential opt-in plaintiffs employed by defendants from August 2, 2008, to the present.

### ADMONITION

Pursuant to [NECivR 72.2](#) any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 20th day of January, 2012.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.