# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH J. MORRIS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>R.A. POPP ENTERPRISES, INC. d/b/a WHEATFIELDS EATERY AND BAKERY, RONALD POPP, RUTH ANN POPP, KAREN POPP, and ANDREW POPP,<br><br>Defendants, | **CASE NO. 8:11-CV-263**<br><br><br><br>PROTECTIVE ORDER |

## STIPULATION FOR PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

Pursuant to Federal Rule of Civil Procedure 26(c), the parties in connection with the above-captioned litigation agree to the following Stipulation and Protective Order to facilitate the exchange of discoverable information under the Federal Rules of Civil Procedure. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

WHEREAS, discovery in the above-captioned proceeding has and may continue to involve the production of documents and information which the parties claim to be confidential, and the parties desire to pursue discovery with a minimum of delay and expense.

1

652674.1

IT IS HEREBY ORDERED:

1. When used in this Order, the word "documents" means any written, printed, typed, graphic, electronic or otherwise drawn or recorded matter of any kind, however, produced or reproduced, including but not limited to: all writings, drawings, graphs, charts, photographs, phonorecords, computer input, computer printouts or other computer readable media in whatever form, notes, working papers, correspondence, memoranda, telegrams, telexes, telecopies, cables, reports, records, electronically stored information, books, journals, pamphlets, circulars, calendars, diaries, agreements, consultant's reports, studies, guidelines, instructions, sound or visual recordings, and other data compilations from which information can be obtained, voluntarily produced by the parties or produced in response to discovery responses or the United States District Court for the District of Nebraska's (this "Court") orders.

2. A party may designate any documents produced in the course of discovery that it reasonably and in good faith believes contains or reflects proprietary or confidential information as confidential by (a) if the designating party is producing the documents, marking them "Confidential" prior to production, and (b) if the designating party is receiving the documents from another party or a non-party, marking the documents as "Confidential" and providing a marked copy back to the other party. All such marked documents are herein after referred to as "Confidential Documents." In designating information as "Confidential," a party will make such designation only as to that information that it reasonably and in good faith believes contains confidential information; information or material which is available to third parties or to the public shall not be classified. The parties' attorneys shall not permit documents produced by a

652674.1

non-party to be distributed or revealed to any non-party witness until the parties have had at least ten (10) business days to designate the documents as "Confidential." The payroll and tip records/information concerning opt-in plaintiffs shall not be considered "Confidential" for purposes of this Stipulation.

3. All such Confidential Documents and every portion thereof, shall be considered "confidential" for purposes of this Order and shall be used by the non-producing parties only for the preparation for and conduct of this proceeding and not for any other purpose whatsoever. The non-producing party may challenge the confidentiality designation by (1) first attempting to informally resolve the designation dispute with counsel for the producing party; and (2) if not informally resolved, then by notifying the designating party in writing and providing a description of the material which the objecting party believes should be freed from the constraints of this Order. The party designating such material must then file a motion for protective order within fourteen (14) days from receipt of such notice and shall bear the burden of justifying confidential treatment of the disputed material. If such a motion is timely filed, the protection afforded by the Protective Order shall continue until this Court makes a decision on the motion. If no motion is timely filed, the protection afforded by this Order shall terminate as to the material described in the objecting party's notice.

4. Neither the Confidential Documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity, other than to the parties, attorneys for the parties, experts of the parties, witnesses for the sole purpose of preparing for or providing testimony in this proceeding and this Court (all "Authorized Persons"). Any experts or witnesses to

3

whom Confidential Documents are disclosed shall be informed of this Order, and shall agree in writing, to adhere to the provisions hereof by signing and dating an Acknowledgement which reads as follows:

> I have been advised and fully understand that the Documents being shown to me in this litigation, which is pending before the United States District Court for the District of Nebraska, generally referred to as *Joseph J. Morris, et al v. R.A. Popp Enterprises, Inc. d/b/a Wheatfields Eatery and Bakery, Ronald Popp, Ruth Ann Popp, Karen Popp, and Andrew Popp* at case number 8:11-cv-263, are deemed "CONFIDENTIAL" pursuant to a Protective Order, and I agree to be bound by the requirements of that Order that I not disclose any information from these Confidential Documents. I further agree to be subject to the contempt powers of a court of competent jurisdiction should I violate such Order.

Counsel for each disclosing party shall maintain a file of executed copies of the Acknowledgments until this action is completed. Any party shall produce executed copies of the Acknowledgments upon written demand within five business days of the request.

     5.    Any party or attorney for a party furnishing Documents or disclosing information pursuant to the terms of this Order shall not waive the confidentiality thereof.

     6.    Any Documents designated as confidential may be used in this proceeding. However, to the extent that anyone other than an Authorized Person is present at a hearing, deposition, trial, or other proceeding, and subject to any agreement or this Court's Order otherwise, there shall be no disclosure of the

4

designated Confidential Documents unless and until all such persons are excluded from the proceeding during the disclosure or use of the material. Every court reporter taking any testimony relating to designated Confidential Documents shall be informed of and provided with a copy of this Order and shall adhere to the provision hereof.

7. Should Confidential Documents be utilized in connection with any document filed with this Court, or be utilized at any hearing, or should information governed by this Order be disclosed in any document filed with this Court, or in the transcript of any hearing, such exhibit, affidavit, discovery answer, or other document or transcript filed with this Court, the parties and their counsel shall take appropriate measures to protect against public disclosure of such Documents or information by noting on the filing that it "Contains Confidential Information."

8. At the conclusion of all proceedings in the above-captioned litigation, all Confidential Documents governed by the terms of this Order (and all copies of such Confidential Documents) shall be returned, from any person in possession thereof, to the producing party or destroyed, except that each party's outside counsel may maintain one archival copy for the file for five (5) years after the conclusion of all proceedings in the above-captioned litigation, at which time all such Confidential Documents shall be destroyed, and the obligations of this Order shall survive as to each party's outside counsel during such time as each party's outside counsel shall maintain such archival copy. Moreover, the obligations of this Order shall not terminate upon the conclusion of the above-captioned litigation, but shall continue until further reorder of this Court or until the producing party claiming confidentiality has waived the same in writing or the Confidential Documents are shown to no longer be confidential.

652674.1

9. This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility at any hearing of any evidence, whether or not comprised of Documents or information governed by this Court's Order.

10. This Order shall not be construed as preventing any person from making use of or disclosing any documents or information which were lawfully in possession of that person prior to the date of this Order.

11. This Order is without prejudice to the right of any party to seek relief from this Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

12. The terms of this Order are enforceable from the date this Order is signed by the Court.

13. This Court may, upon a showing of good cause, impose sanctions upon any person who grants access to the Confidential Documents for any purpose not permitted by this Order or who otherwise violates the terms of this Order, including an award of consequential damages, sanctions, costs, attorneys' fees and other appropriate relief.

14. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

652674.1

IT IS SO STIPULATED:

| | |
|---|---|
| JOSEPH J. MORRIS, on behalf of himself and all others similarly situated, Plaintiffs, | R.A. POPP ENTERPRISES, INC. d/b/a WHEATFIELDS EATERY AND BAKERY, RONALD POPP, RUTH ANN POPP, KAREN POPP, and ANDREW POPP, Defendants, |

By: *s/ Kelly K. Brandon*
Kelly K. Brandon, #20734
DYER LAW, PC, LLO
10730 Pacific Street, Suite 111
Omaha, NE 68114
(402) 393-7529
(402) 391-2289 (facsimile)
kelly@dyerlaw.com

Attorney for Plaintiffs.

By: *s/ Brenda K. George*
Richard D. Vroman, #22538
Heather Voegele-Andersen, #22730
Brenda K. George, #23641
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390 9500
(402) 390 9005 (facsimile)
Richard.Vroman@koleyjessen.com
Heather.Voegele@koleyjessen.com
Brenda.George@koleyjessen.com

Attorneys for Defendants.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of July 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

/s/ *Brenda K. George*

IT IS ORDERED:

The foregoing stipulation is approved and adopted as the terms of the court's protective order governing the disclosure of information in this case.

7/6/2012

BY THE COURT:

_____
U.S. Magistrate Judge

652674.1