IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH J. MORRIS, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>R.A. POPP ENTERPRISES, INC., RONALD POPP, RUTH ANN POPP, KAREN POPP, ANDREW POPP,<br><br>Defendants. | 8:11CV263<br><br>MEMORANDUM AND ORDER |

The following motions are pending and fully submitted for the court's consideration:[1]

　　　Filing No. 93:　　　Defendants' Motion to Compel.

　　　Filing No. 100:　　　Plaintiffs' Motion to Compel.

For the reasons discussed below, the defendants' motion to compel will be granted, and with the exception of a subset of documents that may exist within the personnel files of Heidi Schenkelberg and Joseph Jackson, the plaintiffs' motion to compel will be denied.

PROCEDURAL HISTORY

The plaintiffs' complaint seeks recovery under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). (Filing No. 1). The plaintiffs claim the defendants violated the FLSA by paying waiters or servers ("waitstaff") at a rate below the federal minimum wage; failing to pay overtime wages to waitstaff; appropriating a portion of the waitstaff's tips to pay other employees; and making improper deductions from waitstaff's

---

[1] In addition, the plaintiffs' Unopposed Motion to Extend the Motion to Compel Deadline, (Filing No. 92), will be granted without discussion. The defendants' Motion to Quash a 30(b)(6) deposition, ((Filing No. 114), is stayed at the parties' joint request. (Filing No. 132 & text order 133).

wages. Plaintiff Morris also alleges he was terminated in retaliation for asserting his FLSA rights.

Morris' complaint requested certification of a FLSA collective action, with the Morris serving as the class representative. On Morris' motion, the court conditionally certified the class of all persons "formerly and/or presently employed by Defendant R.A. Popp Enterprises, Inc. d/b/a Wheatfields Eatery and Bakery as waiters from August 2, 2008, to the present time." (Filing Nos. 27 and 33). Over 70 individuals filed consents to opt-in as plaintiffs. (Filing No. 94).

## DEFENDANTS' MOTION TO COMPEL
(Filing No. 93)

a. <u>Defendant Ronald Popp's First Set of Interrogatories to Plaintiffs</u>.

On July 9, 2012, defendant Ronald Popp served a set of interrogatories which, for each opt-in plaintiff, requested a statement of all facts relied upon by that plaintiff in asserting he or she was a "true and proper party" to the collective action. (Filing No. 95-2). The defendants claim that as to each opt-in plaintiff, they need information to determine whether that opt-in plaintiff is "similarly situated" to the conditional class representative, Morris; whether defenses may be available with respect to each opt-in plaintiff; and whether the information supports the final certification of an FLSA collective action. (Filing No. 94).

In response to each interrogatory, the plaintiffs object as follows:

Plaintiffs object to this interrogatory as overly broad, vague, and unduly burdensome. Subject to and notwithstanding this objection, the facts relied upon to support the assertion that this individual is a true and proper party to the collective action is contained in the Complaint, which is incorporated by reference hereto. In addition, the payroll records and employee handbooks and other records which were produced by defendants in response to Plaintiffs' First Request for Production of Documents establish

2

> the pattern of unlawful deductions, failure to pay for all hours worked, and the incorrect calculation of overtime.

(Filing No. 95-4). The plaintiffs argue the Popp interrogatories are ambiguous because they do not ask a specific question[2] to determine if the plaintiffs are "similarly situated," but merely ask why the opt-in plaintiffs believe they were "true" and "proper" parties. (Filing No. 131, at CM/ECF p. 2). The plaintiffs claim the defendants need no additional information because "[g]iven plaintiffs' detailed responses regarding defendants' common policies that impacted all plaintiffs, defendants' interrogatories as to why each of the seventy plaintiffs that have consented to participate in this action is a 'true and proper party' to the litigation is unwarranted." (Filing No. 131, at CM/ECF p. 5). They argue that by referring to the payroll records and Wheatfields' employee handbook, they have "conclusively established the basis of each plaintiff's claim, i.e. 'a pattern of unlawful deductions, failure to pay for all hours worked and the incorrect calculation of overtime.'" (Filing No. 131, at CM/ECF p. 5).

A collective action has been certified, but only conditionally. The case remains subject to a second stage of FLSA certification review. At that stage, the court will evaluate the evidence obtained during discovery and decide whether Morris, the named plaintiff, and the opt-in plaintiffs are "similarly situated." King v. West Corp., 2006 WL 118577, *13 (D. Neb. Jan. 13, 2006). The plaintiffs bear the burden of proving Morris and the opt-in plaintiffs are similarly situated such that an FLSA collective action should be finally certified. Id.

The defendants have submitted evidence that Morris and the opt-in plaintiffs are not raising all the same FLSA claims for recovery. For example, while Morris' complaint alleges a loss of overtime pay, opt-in plaintiffs Aaron Aspedon, Kristine Bielenberg, Jake Koenig, Emily Northam, Jordan Wassom, Robin Henneberry, and Sara

---

[2] "(e.g., "Were you subjected to unlawful deductions, time-shaving, and application of the tip-credit?")," (Filing No. 131, at CM/ECF p. 2).

Petersen are not asserting a right to recover for unpaid overtime. (Filing No. 137-2, at CM/ECF p. 2, at 42:5-7; Filing No. 137-3, at CM/ECF p. 2, at 77:10-13; Filing No. 137-4, at CM/ECF pp. 2-3, at 35:22-36:1; Filing No. 137-5, at CM/ECF p. 2, at 26:11-13; Filing No. 137-6, at CM/ECF p. 2, 35:8-11; Filing No. 137-7, at CM/ECF p. 2, at 70:6-8; Filing No. 137-8, at CM/ECF p. 2, at 70:24-71:1). Sara Petersen cannot assert a claim that she was unlawfully charged for customers who walked out without paying. (Filing No. 137-8, at CM/ECF p. 2, at 71:2-71:4). And unlike Morris, Kristin Bielenberg, Jordan Wassom, and Sara Petersen are not raising retaliation claims. (Filing No. 137-3, at CM/ECF p. 2, at 77:6-9; Filing No. 137-6, at CM/ECF p. 2, 35:16-21; Filing No. 137-8, at CM/ECF p. 3, at 71:16-19). Thus, while the plaintiffs claim they were all treated the same and therefore a plaintiff-by-plaintiff explanation is unnecessary, the evidence of record undermines that argument.

The defendants are entitled to discover the distinct positions of each of the opt-in plaintiffs to determine what specific FLSA allegations they are raising; not only to determine if they are similarly situated to Morris, but also to assess whether Morris can adequately represent the opt-in plaintiffs' interests. Under the circumstances presented, merely referring to the 22,000 pages of documents produced and requiring the defendants to surmise from those documents the specific basis for each opt-in plaintiff's FLSA complaint, is wholly insufficient. 8B Wright, Miller, Kane and Marcus, Federal Practice and Procedure § 2177 (3d ed. 2010).

The plaintiffs have not explained how responding to the interrogatories will pose an undue burden. Presumably, each opt-in plaintiff could each be mailed a questionnaire which asks each respective plaintiff to state whether he or she was employed as waitstaff for the defendants and, if so, whether he or she is claiming 1) wage payment below minimum wage; 2) denial of earned overtime pay; 3) loss of a portion of tips earned for payment of non-waitstaff employees; 4) improper wage deductions; and/or 5) retaliation for raising wage and pay complaints. And if the answer to any of these questions is

4

"yes," the questionnaire could then ask the responding opt-in plaintiff to explain the basis for his or her answer. While soliciting answers from the opt-in plaintiffs will require effort by Morris and his counsel, the foreseeable workload does not exceed what is expected of a named plaintiff who chooses to represent a class.

Plaintiffs' objections to Popp's interrogatories will be denied. The defendants' motion to compel will be granted.

b. Wheatfields' Interrogatory 41.

Defendant Wheatfields' Interrogatory 41 states: "To the extent not already described in another response to these Interrogatories, please provide a computation of each category of damages claimed by Plaintiffs." (Filing No. 95-3, at CM/ECF p. 7). The plaintiffs responded: "Plaintiff and members of the FLSA Collective will provide a computation of their damages after reviewing documents provided by defendants." (Filing No. 95-5, at CM/ECF p. 12). Plaintiffs' mandatory disclosures state the damages will be calculated based on the documents provided by the defendants. (Filing No. 95-8).

A chart outlining some of the plaintiffs' alleged damages was served on defendants in May of 2013, (Filing No. 95-7, at CM/ECF pp. 3-4), but according to the defendants, the "chart fails to accurately identify all of Plaintiffs' alleged damages and the relevant discovery requests have not been supplemented." (Filing No. 94, at CM/ECF p. 5).

The parties have now agreed to hire an independent accountant to review the documents and provide a damage calculation for each opt-in plaintiff. (Filing No. 132). Thus, it appears the damage calculation issue, and the matter of compelling a response to Interrogatory 41, have now been resolved. The defendants argue the plaintiffs were unwilling to provide damage calculations absent a motion to compel, and the defendants

5

have been prejudiced as a result of this delay. The court agrees that the plaintiffs were obligated to provide their damage calculations without the necessity of a court order, but since the issue of final class certification has not yet been determined, there is still time to obtain the damage calculations and review them before this case is tried. And if needed, the trial will be continued to avert any prejudice to the defendants. The plaintiffs will, however, be ordered to cooperate fully and expediently in providing any explanatory information needed for calculating their FLSA damage claims. Further delays will not be condoned.

PLAINTIFFS' MOTION TO COMPEL
(Filing No. 100)

The plaintiffs have moved to compel the defendants' answers to Interrogatory Nos. 16 and 23, and responses to Requests for Production of Documents Nos. 2, 5, 6, 10, 11, 13, 16, 19, 22, 23, 31, 39, 41, 51, 55, 56, 57, 66, and 72. (Filing No. 100).

a. <u>Interrogatory No. 23 and Requests For Production Nos. 16, 22, 23, and 66</u>.

The plaintiffs' interrogatory 23 and productions requests 16, 22, 23, and 66 request documentation and answers regarding the hours worked by each opt-in plaintiff, along with deductions for breaks taken, "hours shaved," the cost of uniforms and work supplies, and a 10% credit card deduction. The interrogatory requests this information for each opt-in plaintiff from August 2, 2008 to the date of Morris' termination. Production requests 16, 22, and 23 ask for defendants' documentation on these issues, but as to all defendants' waitstaff.

The defendants provided responsive documents for only the opt-in plaintiffs. The defendants also prepared a damages spreadsheet, but refused to provide a copy of that document to the plaintiffs. The defendants argue "Defendants' damages spreadsheet is a document prepared by Defendants, at the direction of and with the assistance of

6

Defendants' counsel, during the course of this litigation for the purpose of analyzing and preparing Defendants' case," (Filing No. 134, at CM/ECF p. 6), and is therefore protected from discovery under the work product doctrine. "The Plaintiff is requesting that the Court order the Defendant to produce its spreadsheet regarding the deductions and/or order the parties to work together or with an independent accounting firm to compute the deductions." (Filing No. 101, at CM/ECF p. 7).

Since the parties have now stipulated to jointly submit the damage calculations to an independent accountant, it appears the dispute over producing defendants' damage calculation spreadsheet as responsive to Interrogatory No. 23 and Requests For Production Nos. 16, 22, 23, and 66 has now been resolved. Plaintiffs' motion to compel responses to Interrogatory No. 23 and Requests For Production Nos. 16, 22, 23, and 66 will be denied as moot.

      b.      Request For Production No. 2.

Plaintiffs' Request 2 seeks "The complete personnel file for each employee at Wheatfields, including expediters, who received tip income, including but not limited to applications for employment, hire forms, payroll reports, payroll information, complaints, comments, write-ups, reprimands, disciplinary actions (whether formal or informal), employee handbooks and/or training manuals." (Filing No. 103-7, at CM/ECF p. 2). Citing Bobo v. UPS, 665 F.3d 741, 751-754 (6th Cir. 2012), the plaintiff argues that discovery of personnel information for other similarly situated employees is discoverable. The defendants "object to the Request as being overly broad, unduly burdensome, vague, contains no time limitation and beyond the scope of discovery in this case." (Filing No. 103-7, at CM/ECF p. 2).

The plaintiffs have provided no explanation of how all Wheatfield employees who received tips qualify as comparators when assessing Wheatfields' alleged FLSA

retaliation and unlawful treatment of the opt-in waitstaff.  While an exact correlation is not necessary, (Bobo, 665 F.3d at 751), there needs to be some showing before the court will order a wholesale production of complete personnel files for employees who have not opted-in and are not parties to this litigation.  "Absent some more particularized argument from plaintiff," (Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997)), explaining how the information requested may be relevant, the defendants' objections to plaintiffs' Request 2 as overly broad, and beyond the scope of the issues in this case, will be sustained.  Id.

        c.        <u>Requests For Production Nos. 5 and 6</u>.

The plaintiffs request "All documents concerning any computerized time-keeping system used at Wheatfields, including any handbooks for operating such system," (Request 5), and "All documents concerning how employee time was reported to defendants for payroll purposes, including who was in charge of reporting the time and to whom it was submitted." (Request 6).  The defendants stated they have no documents responsive to Request 5, and all documents responsive to Request 6 for the time period from August 2, 2008 to present have been produced.  (Filing No. 134, at CM/ECF p. 10).  The plaintiffs have not explained how the defendants' responses, at present, are insufficient.  See Filing No. 101, at CM/ECF pp. 7-8.  The plaintiffs' motion to compel additional information in response to Requests 5 and 6 will be denied.

        d.        <u>Request For Production No. 13</u>.

Plaintiffs' Request 13 seeks "All documents reflecting which employees shared in waitstaff's tips at Wheatfields."  (Filing No. 103-7, at CM/ECF p. 6).  The plaintiffs claim that having alleged Wheatfields appropriated a portion of the waitstaff tips to pay expeditors (a back of the house kitchen position), they are entitled to see the "expeditors' personnel files or payroll records . . . to determine how the individuals who served as expeditors were paid."  (Filing No. 101, at CM/ECF p. 8).

The defendants object to the request as overbroad, explaining they have produced the pay documents regarding Morris and the opt-in plaintiffs for the time period of August 2, 2008 to present, (Filing No. 134, at CM/ECF p. 10), and producing the pay and personnel records of all nonparty Wheatfields employees who shared in waitstaff tips is overbroad.

The opt-in plaintiffs have already received any records reflecting that tips were appropriated from the waitstaff. That appropriation would appear to be the alleged FLSA violation irrespective of who received the deducted tips. The court does not understand why the plaintiffs need to confirm that the tips appropriated were received by other Wheatfield employees. Absent some showing that the pay and personnel records of nonparties are needed to prove plaintiffs' claims, the plaintiffs' request for production of these documents will be denied.

      e.      <u>Request For Production No. 51</u>.

Request 51 seeks "All documents utilized by any defendant in calculating the amount of back pay indicated on the Department of Labor Form WH-56." In response, the defendants state that they never calculated the amount of back pay on the DOL form. The DOL completed that task. And therefore Wheatfields actually has no documents responsive to Request No. 51. (Filing No. 134, at CM/ECF p. 11). Wheatfields' discovery response nonetheless directed the plaintiffs, by Bates numbers, to the documents relevant for calculating the plaintiffs' back pay.

Based on the information before the court, the plaintiffs' motion to compel a further response to Request 51 will be denied.

9

f.       Interrogatory No. 16; Request Nos. 31, 39 and 72.

Interrogatory 16 and Requests 31, 39, and 72 seek information on the methods used and extent to which the defendants preserved, searched, and gathered electronic discovery responsive to the plaintiffs' discovery requests. The defendants objected to this discovery as overly broad, unduly burdensome, vague, and beyond the scope of discovery in this case. The defendants further objected to interrogatory 16 as calling for the mental impressions of legal counsel. (Filing No. 103-5, at CM/ECF pp. 12-13).

The plaintiffs argue that although "the litigation hold memorandum itself is privileged, the circumstances surrounding the implementation of the litigation hold and search for ESI is not privileged." (Filing No. 101, at CM/ECF p. 12). The plaintiffs claim that in light of Wheatfields' extensive use of email when conducting its business, (Filing No. 103-27), the defendants' disclosure of only one email discussing Morris indicates the defendants did not adequately search their electronic documents to locate responsive discovery.

After the motion to compel was filed, Plaintiffs' counsel deposed Andrew Popp, who was responsible for searching and gathering a substantial amount of the electronic discovery for this case. (Filing No. 135-2). The defendants assert that Popp's deposition testimony fully responded to the plaintiffs' discovery requests on ESI issues, rendering plaintiffs' motion to compel such information moot. (Filing No. 134, at CM/ECF p. 13; Filing No. 135-2). Absent some argument by plaintiffs' counsel to the contrary, the court will accept defendants' assertion and deny the plaintiffs' motion as to the ESI discovery requests.

10

g.      Request For Production No. 41.

The plaintiffs request:

> A complete copy of any investigations defendants conducted into any employee's complaints of unfair labor or wage practices or any type of retaliation since January 1, 2001, including any documents that were produced over the course of such investigation(s) or related to such investigation(s), any notes, witness statements, recordings, investigative findings and any documents collected during the course of the investigation(s) of whatever nature.

(Filing No. 103-7, at CM/ECF pp. 16-17). The plaintiffs contend previous complaints against the Wheatfields or any of the individual defendants are discoverable to prove the FLSA violations were willful—a necessary finding for recovery of liquidated damages. (Filing No. 101, at CM/ECF p. 13). The defendants object to the request as "overly broad, unduly burdensome, vague, contains an unreasonable time limitation and beyond the scope of discovery." (Filing No. 103-7, at CM/ECF p. 17).

Request 41 is not limited to wage complaints, or to complaints alleging retaliation for asserting statutorily protected employment rights. While prior complaints as to these issues may be relevant to prove willfulness, the request as drafted is simply too broad for this stated purpose. The defendants' objection will be sustained.

h.      Request Nos. 55 and 56.

Requests 55 and 56 demand production of the personnel files of Heidi Schenkelberg and Joseph Jackson. (Filing No. 103-8, at CM/ECF pp. 4-5). The plaintiffs explain that Schenkelberg was Morris' direct supervisor and provided information which resulted in Morris' termination, and since Jackson was "terminated in connection with Mr. Morris' termination," any documentation regarding Jackson's termination "is relevant to the issue of Morris' termination." (Filing No. 101, at CM/ECF pp. 14-15). Defendants object to the request as "overly broad, irrelevant, unduly

11

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, unreasonably intrusive, oppressive and beyond the scope of discovery in this litigation," further noting that Schenkelberg and Jackson are not parties to this case. (Filing No. 103-8, at CM/ECF pp. 4-5).

The plaintiffs have not explained why they need the entire personnel files for Schenkelberg and Jackson, or how all the information within those files could lead to the discovery of admissible evidence. For example, the job applications, evaluations, and approval of pay raises and rates of pay for Schenkelberg and Jackson have no bearing on this case; there is no showing that Schenkelberg and Jackson were similarly situated to Morris or the opt-in plaintiffs. As written, Requests 55 and 56 are overly broad and unreasonably intrude into the confidential files of employees who are not parties to this litigation. However, if there are records within the personnel files that mention, arose from, or relate to the specific circumstances underlying Morris' termination; that mention or otherwise address issues of retaliating against employees for asserting protected employment rights; or that mention, address or comment on calculating or paying employee hourly wages, tips, and overtime, or deducting amounts from those earnings, such documents may lead to the discovery of relevant information in this case. To that extent only, plaintiffs' motion to compel a response to Requests 55 and 56 will be granted. In all other respects, defendants' objections to the requests will be sustained.

      i.     <u>Request No. 57</u>.

The defendants allege Morris accessed information on the defendants' computer without proper authorization by utilizing his manager's access codes. Request 57 requests all documents indicating "when Heidi Schenkelberg, Joe Jackson or Brad Struck accessed the Aloha system or the company computer the month of June and July, 2011." (Filing No. 103-8, at CM/ECF p. 14). Although the defendants originally objected to the request as overly broad, unduly burdensome and irrelevant, they have explained that "the

Aloha system currently used by Wheatfields does not track the information requested by this Request." (Filing No. 135-3, at CM/ECF p. 2). The motion to compel a further response to Request 57 will be denied.

Accordingly,

IT IS ORDERED:

1) The Plaintiff's unopposed motion to continue the motion to compel deadline, (Filing No. 92), is granted.

2) The Defendants' Motion to Compel, (Filing No. 93), is granted in part and denied in part as follows:

   a. As to the Popp interrogatories, the defendants' motion to compel is granted. On or before December 19, 2013, as to each opt-in plaintiff, the plaintiffs shall state:

      1. Whether the plaintiff was employed as waitstaff for the defendants and during what time frame;

      2. Whether that plaintiff is alleging his or her FLSA rights were violated because the pay he or she received:

         i. Was below minimum wage;

         ii. Did not include earned overtime pay;

         iii. Was reduced by appropriating tips earned to pay non-waitstaff employees;

         iv. Was reduced through improper deductions, and which specific deductions allegedly occurred (e.g., payment for uniforms, to cover for customers who did not pay, for a 10% credit card fee, etc.);

      3. Whether the plaintiff is alleging he or she was retaliated against for asserting wage and pay complaints; and

      4. If the answer to any of questions 1, 2, or 3 above is "yes," the opt-in plaintiff's explanation of the facts supporting the answer provided.

      b.      In light of the parties' stipulation to retain an independent accountant to calculate each opt-in plaintiff's damages, Wheatfields' motion to compel plaintiffs' answer to Interrogatory 41 is denied as moot.

3)      As to Plaintiffs' motion to compel, (Filing No. 100):

      a.      Plaintiffs' motion to compel a response to Requests 55 and 56 is granted as to any records within the personnel files of Schenkelberg and Jackson that mention, arose from, or relate to the specific circumstances underlying Morris' termination; that mention or otherwise address issues of retaliating against employees for asserting protected employment rights; or that mention, address or comment on calculating or paying employee hourly wages, tips, and overtime, or deducting amounts from those earnings.

      b.      In all other respects, and for the reasons outlined in this memorandum and order, Plaintiffs' motion to compel is denied.

November 20, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.